# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHRISTOPHER BOULWARE,

    Petitioner,

vs.

WARDEN WILLIAMS, *et al.*,

    Respondents.

2:17-cv-02496-APG-GWF

**ORDER**

This action is a petition for writ of habeas corpus by Christopher Boulware, a Nevada prisoner. The Court received Boulware's habeas petition, with an application to proceed *in forma pauperis*, on September 25, 2017.

Based on the representations in Boulware's application to proceed *in forma pauperis* (ECF No. 1), the Court finds that Boulware qualifies for *in forma pauperis* status. The Court will grant Boulware leave of court to proceed *in forma pauperis*.

The Court has examined Boulware's habeas corpus petition (ECF No. 1-1), pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. It appears to the Court that the petition may be defective, because Boulware has not exhausted any claim in state court. The Court will order Boulware to show cause why this action should not be dismissed.

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is

intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest available state court -- in Nevada, either the Nevada Court of Appeals or Nevada Supreme Court, depending on the nature of the case -- and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

It appears from Boulware's petition that he challenges a May 26, 2016, grand larceny conviction, on which he was sentenced to 12 to 48 months in prison. Petition for Writ of Habeas Corpus (ECF No. 1-1), pp. 1-2. Boulware states in the petition that he appealed from that conviction, and that the appeal was decided on June 22, 2017. *See id*. at 1. However, it appears from Boulware's entire petition, and the attachments to it, that Boulware may not have appealed to either the Nevada Court of Appeals or the Nevada Supreme Court. The only documents attached to his petition relate to a motion for modification of sentence that Boulware filed in the state district court and that was heard in that court on June 22, 2017. *See* Attachments to Petition for Writ of Habeas Corpus (ECF No. 1-1). It appears that the motion for modification of sentence in the state district court may be the "appeal" that Boulware refers to. There is nothing in the petition to indicate that Boulware has ever presented any claim to either the Nevada Court of Appeals or the Nevada Supreme Court, or that any such appeal has been completed.

The Court will grant Boulware an opportunity to show cause why this action should not be dismissed on account of his failure to exhaust any of his claims in state court. The question is whether Boulware has presented any of his federal constitutional claims to either the Nevada Court of Appeals or the Nevada Supreme Court, and whether any such appeal has been completed. To show that this case should not be dismissed, Boulware must describe his appeal to either the Nevada Court of Appeals or Nevada Supreme Court, and state how such appeal was resolved. Boulware should do this by filing in this case a document entitled "Response to Order to Show Cause," within the time allowed. Boulware should attach to that filing copies of any documents showing that he

pursued such an appeal; this may include copies of any briefs Boulware filed in the appellate court or copies of any written orders of the appellate court regarding his appeal.

If Boulware fails, within the time allowed, to make a showing that he has exhausted, in state court, one or more of the claims he asserts in this federal habeas corpus action, this case will be dismissed. *See Rose v. Lundy*, 455 U.S. 509 (1982).

**IT IS THEREFORE ORDERED** that petitioner's "Application to Proceed *in Forma Pauperis* (ECF No. 1) is **GRANTED**. Petitioner is granted leave of court to proceed *in forma pauperis*. Petitioner need not pay the $5 filing fee for this action.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall separately file the petition for writ of habeas corpus, which is currently attached as an exhibit to the application to proceed *in forma pauperis*, at ECF No. 1-1.

**IT IS FURTHER ORDERED** that the petitioner shall have **45 days** from the date of entry of this order to show cause why the Court should not dismiss this action for failure to exhaust any of his claims in state court, as explained above. Failure to respond to this order within the time allowed, or failure to make the required showing, will result in the dismissal of this action.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall add Adam Paul Laxalt, Attorney General of the State of Nevada, as counsel for respondents.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall electronically serve upon respondents a copy of the habeas corpus petition in this case, and a copy of this order. Respondents' counsel shall enter a notice of appearance within **20 days** of the entry of this order, but need take no further action in this case unless and until the Court so orders.

Dated: September 29, 2017.

UNITED STATES DISTRICT JUDGE